In the Matter of WESTCHESTER TITLE AND TRUST COMPANY (Series 18-F).*

In the Matter of LAWYERS WESTCHESTER MORTGAGE AND TITLE COMPANY (Issue 2-7855).*

Supreme Court, Special Term, Westchester County, May 26, 1943.

* See 266 App. Div. 879.

*Albert A. Verrilli* for Davey Tree Expert Company, movant.

*Clark, Gagliardi & Cunningham* for Edward W. Stitt, Jr., and others, as successor trustees, opposed.

NOLAN, J. Motion for leave to intervene denied. The moving party has no such interest in the subject of the proceeding, or in real property, the title to which may be affected, as to permit the granting of the order. It has made an offer for real property comprising the trust estates, which has been rejected by the trustees. By the presentation of its offer, which has been rejected by the trustees, it acquired no contract, or other rights with respect to the trust property, and it does not follow that if it should be successful on appeal, it would be entitled to a contract of sale. The trustees are not required to accept offers made for trust property, which, in their judgment, will involve violation of the rights of others, or will involve risk of litigation and expense to the trust estate. Furthermore, the moving party is not aggrieved by the order of the court which it seeks to appeal from. The legislation, pursuant to which the trusts were created, was not enacted for the benefit of prospective purchasers of property covered by certificated mortgages. If the moving party had made an offer to any owner of real property, other than the trustees, no claim would be made that a right of action would exist, if the owner had rejected the offer, and sold the property to another offeror, for a lower price. The moving party has no interest in the trust estates which entitles it to a right of action or claim that the trustees should be compelled to accept its offer, and stands in no better position with respect to the trustees than it would with respect to any other property owner who had rejected an offer to purchase his property. The court would, under ordinary circumstances, be glad to afford an opportunity to appeal from any of its decisions, but in this instance can see no good purpose which would be served by an appeal which would tend to prejudice the rights of certificate holders, by involving additional expense and postponing the distribution of the proceeds of the sale of the trust property. Order signed.